[Civ. No. 5928.   Fourth Dist.   Mar. 12, 1959.]

ARCHIE W. JONES, Appellant, v. SAN BERNARDINO
REAL ESTATE BOARD (a Nonprofit Corporation)
et al., Respondents.

Marshall Miles for Appellant.

Lonergan & Jordan for Respondents.

MUSSELL, J.—This is an action in which plaintiff, a part-time real estate salesman, sought to recover damages for loss of commissions, contacts, business associations and clientele alleged to have been occasioned by his wrongful expulsion as a salesman member of the San Bernardino Real Estate Board. The San Bernardino Real Estate Building Board Association was joined as a defendant on the theory that it was the *alter ego* of defendant San Bernardino Real Estate Board. The cause was tried by the court without a jury and plaintiff appeals from the judgment that he take nothing by reason of his complaint.

The San Bernardino Real Estate Board is a nonprofit corporation with five classes of membership, including brokers and salesmen. A real estate salesman to be eligible to membership therein must be licensed and employed by a broker member. Plaintiff Jones during December, 1953, obtained employment as a part-time real estate salesman with Robert Mudge, a broker in San Bernardino, and thereafter applied for membership and became a salesman member of the San Bernardino Real Estate Board. At this time there was no requirement that he be employed as a real estate salesman on a full-time basis. He was and continued to be employed on a full-time basis in the newspaper business at Corona, California, working for Mudge Saturdays, Sundays and evenings from December, 1953, until July, 1955, when he was discharged by Mudge.

On June 21, 1954, the issue of part-time employment was submitted to the membership of the real estate board for action, after notices had been sent out to the members, including plaintiff, that there be a vote on the question. On the last

mentioned date section 2 of article III of the by-laws were amended to provide as follows:

"Broker members of this organization shall not employ salesmen or broker associates as salesmen, on a part-time basis.

"A part-time salesman or broker associate is one who is engaged in a line of work other than real estate, or a line not allied to real estate, for financial gain and for a major part of his time.

"A broker maintaining his own office shall not be on a part-time basis as herein defined."

On July 16, 1954, the real estate board notified all members, including plaintiff, that any salesman not employed on a full-time basis as of January 1, 1955, would be ineligible to renew his membership. Plaintiff's membership automatically terminated as of January 1, 1955, because of his ineligibility to renew it. He was not present and did not participate in the meeting at which the full-time rule was adopted. He ignored this rule and tendered his dues for 1955.

On March 17, 1955, the board, acting through its president, notified plaintiff by letter of his ineligibility for membership, as follows:

"In accord with the ruling concerning part-time members (Article 3, Section 2 of the By-Laws) which was adopted by a vote of the general membership on June 21, 1954 and became effective January 1, 1955, you are not eligible for membership in the Board and Multiple as you are engaged in a line of work other than real estate, and for a major part of your time.

"Your employing broker has been notified that he must notify the Board as to disposition of your license within ten (10) days, in order to abide by the 100% membership rule of the Board.

"Enclosed please find check in the amount of $17.00 refund in full payment of 1955 dues."

Plaintiff protested his loss of membership and demanded reinstatement, and on March 23, 1955, was advised by the board as follows:

"If you can certify to the Board of Directors of the San Bernardino Real Estate Board that you are engaged in real estate on a full-time basis and not employed elsewhere for a major part of your time, it would then be your privilege to present this information to the Board of Directors for their consideration."

Plaintiff did not accept this offer and continued to work

part-time for Mudge until discharged by him in July, 1955. On March 27, 1955, Mudge was suspended from membership in the San Bernardino Real Estate Board for reasons independent of and other than those involved in this action and plaintiff's alleged expulsion from the board. Under the provisions of the by-laws of the board, Mudge's suspension had the effect of suspending from the membership of the board all salesmen employed by him on a part-time basis, including the plaintiff. Mudge was reinstated as a member of the board in July, 1955, and one of the conditions of his reinstatement was that all of his salesmen be employed on a full-time basis. Since plaintiff was not employed on this basis, Mudge terminated his employment in July, 1955. Thereafter plaintiff did not seek employment as a real estate salesman for several months and since January 1, 1956, he has been employed continuously as a real estate salesman on a part-time basis for other real estate offices in San Bernardino.

█ We find nothing unreasonable or contrary to the corporate powers of the San Bernardino Real Estate Board in requirig salesmen to be employed on a full-time basis in order to qualify for membership on said board. In this connection the trial court found as follows:

"The enactment of the full-time rule was a proper exercise of the corporate powers of Board and was in furtherance of the purposes for which it was organized. Where said rule established a standard of performance designed to increase the quality of real estate sales service, it was not unreasonable to require existing members of Board to conform to the standard. A reasonable length of time was allowed to the existing members to conform."

This finding is supported by the evidence. █ Plaintiff was notified of the amendment to the by-laws and was given ample opportunity to comply therewith if he so desired. He was not compelled to be a member of the board in order to work as a part-time salesman. In fact, the record shows that he has been so employed since January 1, 1956.

It cannot be said (as claimed by appellant) that the board deprived him of the right to work. The record shows that plaintiff's employment as a part-time salesman did not terminate until July, 1955, when he was discharged by Mudge. His own testimony is that he "slackened" his real estate activities "purposely" from March 17, 1955, to July, 1955. The record shows that he made no sales and earned no commissions during that time; that although he was free to seek employment with

other brokers in the area who were nonmembers of the board, after being discharged by Mudge in 1955, he did not attempt to do so for the balance of the year. He claims damages for loss of commissions in the sum of $2,000 and in the sum of $3,000 for loss of contacts, business associations and clientele.

Damages are said to be speculative when the probability that a circumstance will exist as an element for compensation becomes conjectural. (25 C.J.S., Damages, § 2, p. 460.)

In the instant case there was no substantial evidence in the record upon which the trial court could determine with any degree of certainty the amount of the damages, if any, suffered by plaintiff as a result of the action of the real estate board.

The record shows that plaintiff was not a member of defendant San Bernardino Real Estate Building Board Association; that membership therein was restricted to broker members of the real estate board; that the association did not participate in any way in the proceedings of the real estate board and did not interfere in any way with plaintiff's employment. Under these circumstances no liability could be imposed upon the building association.

There is substantial evidence herein to support the findings and judgment of the trial court.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1959.